ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY BORNSTEIN (CABN 99358)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7289
    FAX: (415) 436-7234
    Jeffrey.bornstein@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22CR-00145 SI |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| REYNALDO VASQUEZ-TAPIA, | |
| Defendant. | |

On January 13, 2025, defendant Reynaldo Vasquez-Tapia appeared before this Court for a detention hearing in connection with a Form 12 petition containing various allegations including defendant's failure to report to his probation officer since at least October 28, 2022. The defendant was present and represented by AFD Jamie Halper and was assisted by a Court Certified Spanish Interpreter. Assistant United States Attorney Jeffrey Bornstein appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record in open court, the Court finds that the defendant has failed to demonstrate by clear and convincing evidence that he is not a flight risk as required under 18 USC 3143. The Court finds that no

1  condition or combination of conditions will reasonably assure the defendant's appearance. Accordingly,
2  the defendant must be detained pending trial in this matter.
3      The present order supplements the Court's findings and order at the detention hearing and serves
4  as written findings of fact and a statement of reasons as required by Title 18, United States Code,
5  Section 3142(i)(1) and 18 U.S.C. §3143. As noted on the record, the Court makes the following findings
6  as the bases for its conclusions: the Court finds that the Defendant failed to appear in 2021 and that he
7  traveled outside out of the district without permission and had other violations of his supervised release
8  in 2022. On October 28, 2022, another violation for his failure to report to probation or to notify
9  probation led to the issuance of a warrant for his arrest. Under the circumstances, and considering an
10 additional alleged violation arising on October 29, 2024, from his arrest in another state that the
11 defendant did not have permission to travel to, the Defendant has failed to demonstrate by clear and
12 convincing evidence that he is not a flight risk. This finding is made without prejudice to the defendant's
13 right to seek review of defendant's detention or file a motion for reconsideration if circumstances
14 warrant it.
15      Pursuant to 18 U.S.C. § 3142(i), and 18U.S.C. § 3143, IT IS ORDERED THAT:
16      1.   The defendant be, and hereby is, committed to the custody of the Attorney General for
17 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
18 sentences or being held in custody pending appeal;
19      2.   The defendant be afforded reasonable opportunity for private consultation with counsel;
20 and
21      3.   On order of a court of the United States or on request of an attorney for the government,
22 the person in charge of the corrections facility in which the defendant is confined shall deliver the
23 defendant to an authorized United States Marshal for the purpose of any appearance in connection with a
24 court proceeding.
25      IT IS SO ORDERED.

DATED: January ~~13~~ 15, 2025

_____
HONORABLE PETER H. KANG
United States Magistrate Judge

[~~PROPOSED~~] DETENTION ORDER    2                    v. 11/01/2018
3:22CR-00145 SI